**Thomas v Esplanade Gardens, Inc.**

2024 NY Slip Op 31045(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 158186/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. SHAHABUDDEEN ABID ALLY | PART | 16TR |

*Justice*

-------------------------------------------------------------------X

ADRIENNE THOMAS and JOSEPH LAWRENCE,

Petitioners,

- v -

ESPLANADE GARDENS, INC. and ROSS JACKSON and
MARY SWEETING,

Respondents.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158186/2023 |
| MOTION DATE | 10/10/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 39-45, 48-58
were read on this motion to/for _____ DISMISS _____.

In this Article 78 proceeding, respondents move pursuant to CPLR § 7804(f) and CPLR §

3211(a) for an order dismissing the Petition in its entirety on the grounds that the Petition fails to

state claim upon which relief can be granted. Petitioners oppose. Upon hearing the parties and

consideration of the above cited papers and for the reasons set forth below, the motion is granted.

*Background*

The relevant facts as alleged in the Petition are as follows: Respondent Esplanade

Gardens ("Esplanade") is a Mitchell-Lama building cooperative which is governed by its Board

of Directors ("Board"), whose membership is comprised of elected or appointed shareholders.

Petitioner Lawrence was elected to the Board on January 24, 2021 to a term set to expire in

October 2023. Petitioner Thomas was appointed by the Board to fill a vacancy and complete a

term set to expire in October 2024. Both petitioners are co-owners of cooperative shares

corresponding to their respective apartments in the building.

INDEX NO. 158186/2023
RECEIVED NYSCEF: 03/28/2024

Cause for removal by the Board is set forth in Article III, Section 2(B)(2) of the Esplanade By-Laws and includes, *inter alia*, instances in which "the director has posted or has been found to have disseminated confidential shareholder information" (Petition, exhibit F). Article III, Section 2(B)(1) sets forth the procedure for removing directors from the Board for cause. The relevant portion provides that any director may be removed for cause at a meeting called for such purpose or at any regularly scheduled meeting upon an affirmative vote of at least six of the remaining directors. Directors whose removal is to be discussed are required to receive fourteen days' notice of the meeting; such notice must also include the alleged cause for removal and provide for the director an opportunity to be heard prior to any vote for removal and at the meeting.

In early 2022, allegations arose that another Board member, not a party to this proceeding, did not have her primary residence at the building, which if true would constitute a violation of Esplanade's By-Laws and the relevant Mitchell-Lama Rules and Regulations. The then-President of the Board initiated a background check with the cooperative's security service in order to confirm or dispel the allegations. The security service provided a report to the Board which included the Board member's personal information, including identifying numbers, addressed, and social media information. The building's management company, Metro Management ("Metro") forwarded the security service report to the New York City Department of Housing Preservation and Development ("HPD"). After its own investigation, HPD instructed Metro to refer the matter to counsel to commence a non-primary proceeding against the Board member.

On or about December 13, 2022, petitioners commenced an action against Esplanade and several Board members in the Supreme Court ("Prior Action"), alleging that Esplanade breached

its By-Laws and that Lewis was ineligible to sit on the Board. In support of the action, petitioners filed with the court a redacted copy of the security service report and HPD's response regarding to its own report. In defense of the action, the respondents in the Prior Action filed additional documents relating to the Board member's residency and other personal information. None of the filings were under seal.

On April 19, 2023, petitioners were served with notices advising them that the Board would hold a meeting on May 4, 2023 to consider removal of petitioners for cause. The notices further indicated that the basis for such removal was the belief by a majority of the Board members that petitioners disseminated personal and confidential shareholder information relating to Lewis at the Town Hall meetings that took place on December 29, 2022, February 7, 2023, and March 16, 2023. The notice additionally informed petitioners that they would have an opportunity to be heard at the meeting.

The Board met on May 4, 2023 to consider petitioners' removal from the Board. The meeting was held in an executive session, which excluded other shareholders from observing the proceedings. The Board's position was that any information about the Board member, even that available through the public docket of the Prior Action or on the internet, was "confidential information" for which removal was authorized by the By-Laws. At the meeting, petitioners had the opportunity to be heard and to present witnesses. By a vote of 6-5, the Board voted to remove petitioners for cause. Respondents Jackson and Sweeting were appointed to replace petitioners on the Board.

Petitioners commenced this special proceeding by order to show cause, seeking a judgment annulling the Board's determination which removed petitioners from the Board. Included in the proposed order to show cause was a request for temporary restraining order

(TRO) prohibiting respondents "from restricting in any way Petitioner Lawrence's right to campaign, be nominated, run and be elected to the Board in the Upcoming October 2023 election." This Court declined to immediately issue the TRO and scheduled a hearing for the TRO issue only. After hearing the parties, the Court denied the TRO in an Interim Order dated August 29, 2023. Respondents subsequently filed the instant motion to dismiss.

## Discussion

CPLR § 3211(a) provides that a party may move to dismiss one or more causes of action for, *inter alia*, failure to state a cause of action (CPLR § 3211[a][7]). In consideration of such motion, the complaint must be liberally construed, and the facts alleged deemed true, with the nonmoving party given the benefit of all favorable inferences (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court's inquiry is to determine whether the facts alleged fit into any cognizable theory (*id.*). Additionally, a party may move for dismissal under CPLR § 3211(a)(1) if documentary evidence "conclusively establishes" a defense to the claims asserted.

A Court's review of a cooperative board's decision is generally governed by the business judgment rule (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). "So long as the board acts for the purpose of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board's" (*id.* at 538; *see Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d 470, 472 [1st Dept 2011]). Where the cooperative has acted the scope of its authority, its decision must be upheld absent any "indication of any bad faith, arbitrariness, favoritism, discrimination or malice on the cooperative's part" (*40 West 67th Street v Pullman*, 100 NY2d 147, 157 [2003]).

Respondents argue that, accepting the allegations in the Petition as true, petitioners nonetheless fail to state a cause of action. Respondents aver that the Board properly followed the

clear removal procedures set forth in the By-Laws and as such the Board's vote to remove petitioners should not be disturbed under the business judgment rule. Respondents further contend that petitioners' claim that their removal was motivated by political differences and as such was in bad faith is conclusory and unsupported by sufficient factual allegations.

Petitioners contend that the Board's action here is not entitled to the deference granted by the business judgment rule because it was "the epitome of arbitrary and capricious," "an exercise in retaliation and bad faith," and "unauthorized under the governing documents (Petition at 6). Specifically, petitioners claim that their removal from the Board resulted from improper procedures and that the Board's determination itself misstated or disregarded the relevant facts. Petitioners further argue that the Board's conclusion that "confidential information" comprised information that was publicly available in the Prior Action docket or through other internet sources was contrary to the intended meaning of the relevant By-Laws provisions.

Upon review of the papers submitted, the Court finds that the Petition fails to state a claim. Based on the allegations in the Petition, the Board followed the removal procedures set forth in the By-Laws. Petitioners received notifications of the meeting to discuss their removal with the appropriate advance notice and the notices adequately set out the allegations giving rise to the removal proceedings, to wit, the claim that petitioners disseminated information relating to the Board member whose residency was being investigated.

As to petitioners' argument that the meeting was improperly closed to non-Board shareholders and residents, as respondents point out, Private Housing Finance Law § 17(4)(A) has provision for closed executive sessions where topics may include confidential personnel issues. Further, that the Board interpreted "confidential information" to mean information about a Board member relating to an ongoing investigation, notwithstanding the availability of such

information on a court's public docket, is not sufficient to remove the Board's determination from the protection of the business judgment rule, especially when such information was only placed into the public sphere by petitioner's own filings. Finally, the Court finds that the allegations in the Petition relating to prior notices of removal sent to petitioners or attempts by other Board members to reinstate other individuals to the Board do not sufficiently establish "bad faith, arbitrariness, favoritism, discrimination or malice" (*40 West 67th Street v Pullman*, 100 NY2d 147, 157 [2003]).

Based on the foregoing, the Board's removal vote and the applications of the By-Laws upon which the vote was based are entitled to deference pursuant to the business judgment rule. This Court thus may not substitute its own evaluation of the facts adduced at the May 4 meeting for those of the Board's, nor may the Court insert its own interpretation of the cooperative's By-Laws or their application to those facts (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). Respondent's motion is therefore granted.

Accordingly, it is hereby:

**ORDERED** that respondents' motion to dismiss is granted and this Petition is dismissed; and it is further

**ORDERED** that respondents shall serve a copy of this order upon petitioners and upon the Clerk of the General Clerk's Office with notice of entry within twenty days thereof; and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and county Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied.

This constitutes the decision and order of the Court.

| 03/28/2024 | | | |
|---|---|---|---|
| DATE | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |